IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| ALESIA STRALCHUK, *et al.*, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | CASE NO.: 1:25-CV-85 (LAG) |
| | : | |
| OMOTAYO B. ALLI, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## ORDER

Before the Court is Plaintiff Alesia Stralchuk's Motion to Certify Class (Doc. 2), Motion to Allow Electronic Signatures (Doc. 3), Motion to Appoint Counsel (Doc. 4), and Motion for Leave to Proceed *In Forma Pauperis* (IFP) (Doc. 5). For the reasons below, Plaintiff's Motion to Certify Class (Doc. 2) is **DENIED**; the Motion to Allow Electronic Signatures (Doc. 3) is **DENIED**; the Motion to Appoint Counsel (Doc. 4) is **DENIED**; and the Application to Proceed IFP (Doc. 5) is **GRANTED**.

## BACKGROUND

On May 29, 2025, Plaintiffs Alesia Stralchuk (Plaintiff),[1] Andrei Stralchuk (Andrei), and Aaron Stralchuk (Aaron) initiated this pro se action against Defendants Omotayo B. Alli (Alli), Executive Director of the Georgia Public Defender Council, Billy Hancock (Hancock), Sheriff of Crisp County Georgia, Gavin Michael Lee (Lee), Arresting Officer for the Georgia Department of Public Safety, and Crisp County, Georgia (Crisp

---

[1]     As discussed below, Plaintiff is proceeding pro se and may not litigate this action on behalf of others. Accordingly, the Court dismisses all claims brought by Plaintiffs Andrei Stralchuk and Aaron Stralchuk without prejudice. As Plaintiff only brings claims in Counts Four and Fifteen, Counts One through Three, and Counts Five through Fourteen are **DISMISSED without prejudice**.

Plaintiffs Andrei and Aaron Stralchuk, each may file separate and individual actions if they so desire. It is not clear from the Complaint whether Plaintiffs Andrei and Aaron Stralchuck are still incarcerated. If so, they must comply with the requirements of the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915. If either person seeks to proceed in forma pauperis, he must file the appropriate financial affidavit and copy of his prisoner trust account statement. *Id.* § 1915(a)(2).

County). (Doc. 1). That same day, Plaintiff filed a Motion to Certify Class (Doc. 2), Motion to Allow Electronic Signatures (Doc. 3), Motion to Appoint Counsel (Doc. 4), and Application to Proceed IFP (Doc. 5).

Plaintiff is an immigrant from the Republic of Belarus. (Doc. 1 ¶ 5.1). She is married to Andrei, the brother of Aaron. (*Id.* ¶ 5.1 n.6). While Andrei and Aaron were driving from Seattle, Washington to Jacksonville, Florida, they were travelling through Georgia and were stopped for speeding by a Georgia State Trooper, Defendant Lee. (*Id.* ¶¶ 3.7, 5.7–5.11). Andrei and Aaron attempted to flee but were arrested and charged with evading arrest. (*Id.* ¶¶ 5.11–5.12). They were held at the Crisp County Detention Center (CCDC) where they claim they were denied medical treatment, basic hygiene supplies, deprived of communication or translation assistance, held for over a year without access to an attorney or a speedy trial, and had their personal property destroyed. (*Id.* ¶¶ 5.12–5.21). The Complaint alleges that Andrei and Aaron were unable to receive any mail other than postcards due to a CCDC policy enforced by Defendant Hancock, which prohibited inmates from sending or receiving non-postcard mail through the United States Postal Service. (*Id.* ¶¶ 5.13–5.14, 6.4–6.4.5).

Plaintiff brings a claim against Defendant Hancock under 42 U.S.C. § 1983 for violating her First Amendment right to correspond (Count Four) and a claim for violation of familial rights against all Defendants (Count Fifteen).[2] (*Id.* ¶¶ 6.4.–6.4.5, 6.15–6.15.5).

## DISCUSSION

### I.   Motion to Certify Class (Doc. 2)

"The Eleventh Circuit repeatedly has held that a *pro se* plaintiff is not an adequate class representative and may not litigate on behalf of others." *Lovelace v. Odum*, No. 7:25-CV-36 (LAG), 2025 WL 1591381, at *1 (M.D. Ga. June 5, 2025) (citations omitted) (collecting cases). Because Plaintiff is proceeding *pro se*, class certification is not permissible.

---

[2]   As filed, the Complaint includes fifteen claims. (Doc. 1 ¶¶ 6.1–6.15.5). Plaintiff, however, brings only these two claims.

## II.      Motion to Allow Electronic Signatures (Doc. 3)

"Pro se parties are not authorized to file electronically without permission from the court." M.D. Ga. L.R. 5.0. "[S]uch authorization is typically denied unless the *pro se* party makes a showing of good cause or extenuating circumstances justifying such relief[.]" *Hooker v. Wilkie*, No. 8:20-CV-1248-T-02CPT, 2020 WL 6947482, at *1 (M.D. Fla. June 4, 2020) (citing *McMahon v. Cleveland Clinic Found. Police Dep't*, 455 F. App'x 874, 878 (11th Cir. 2011)) (other citations omitted). Here, Plaintiff claims that "the [Crisp County] Detention Center forbids Andrei and Aaron from receiving mail, even legal mail, thus it makes it impossible for them to affix their signatures to any legal documents." (Doc. 3 at 2). Plaintiff appears to want the ability to file electronically so that she may proceed with a joint action with Andrei and Aaron. As the Court has explained, Plaintiff cannot represent the interests of Andrei and Aaron and has dismissed Andrei and Aaron's claims; accordingly this issue is moot.

## III.     Motion to Appoint Counsel (Doc. 4)

Generally speaking, "[a] civil plaintiff has no constitutional right to counsel, but a district court may appoint counsel for an indigent plaintiff pursuant to 28 U.S.C. § 1915(e)(1)." *Vickers v. Georgia*, 567 F. App'x 744, 749 (11th Cir. 2014) (per curiam) (citing *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir.1999)). Appointment of counsel is a privilege that is justified only by "exceptional circumstances, such as the presence of facts and legal issues [which] are so novel or complex as to require the assistance of a trained practitioner." *Id.* (alteration in original) (quoting *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir.1993)). "A district court has broad discretion in determining whether such circumstances exist." *Id.* (citing *Smith v. Fla. Dep't of Corrs.*, 713 F.3d 1059, 1063 (11th Cir. 2013)). Plaintiff asserts in her Motion that her extremely limited English proficiency prevents her from adequately representing her own interests and that the numerous claims she raises under multiple legal theories present an exceptional challenge due to their complexity. (*See* Doc. 4 at 2, 4–6). While English may not be Plaintiff's native language, she has sufficient proficiency as exhibited in her filings to date. Plaintiff indicates that she relied on an acquaintance to assist her in filing these pleadings. (*See id.* at 3). While it may

3

not be ideal, Plaintiff has shown the ability to effectively litigate this matter without the appointment of counsel.

## IV.   Application to Proceed IFP (Doc. 5)

Courts follow a well-established, "two-stage procedure for processing a . . . pro se civil rights complaint filed" IFP pursuant to 28 U.S.C. § 1915. *See Procup v. Strickland*, 760 F.2d 1107, 1114 (11th Cir. 1985) (citations omitted). "Initially, the district court must determine whether the plaintiff is unable to prepay costs and fees and is therefore a pauper under the statute." *Id.* (citing 28 U.S.C. § 1915(a)). "Only after making a finding of poverty and docketing the case can the court proceed to the next question: whether the claim asserted is frivolous or malicious." *Id.* (citing 28 U.S.C. § 1915(d)); *see Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (per curiam) (citing *Watson*, 525 F.2d at 891).

### A. Leave to Proceed IFP

Plaintiff states that she has not received any income in the past 12 months and that, at the time of filing, she had just $2.40 to her name. (Doc. 5 at 1–2). As such, her monthly income is insufficient to cover the $405.00 filing fee in this Court; and Plaintiff sufficiently has represented that, under § 1915(a), she is "unable to pay for the court fees and costs, and to support and provide necessities for h[er]self[.]" *Bourassa v. Dozier*, 832 F. App'x 595, 597 (11th Cir. 2020) (per curiam) (quoting *Martinez*, 364 F.3d at 1307). Accordingly, the Motion to Proceed IFP (Doc. 5) is **GRANTED**.

### B. Frivolity Review

Having concluded that Plaintiff is eligible to proceed IFP, the Court now assesses whether Plaintiff's claim passes the 28 U.S.C. § 1915(e)(2) frivolity review.

#### i. Right to Correspond Claim (Count Four)

Plaintiff alleges that Defendant Hancock violated her right to correspond through the United States Postal Service by enforcing CCDC's postcard only policy. (Doc. 1 ¶¶ 6.4–6.4.5). "The Supreme Court [has] held that both inmates and noninmates have a First Amendment interest in correspondence sent to one another." *Bennett v. Langford*, No. 4:18-CV-0011-HLM-WEJ, 2018 WL 9538769, at *2 (N.D. Ga. Jan. 22, 2018) (alteration

4

in original) (quoting *Perry v. Sec'y, Fla. Dep't of Corr.*, 664 F.3d 1359, 1363 (11th Cir. 2011)), *report and recommendation adopted*, No. 4:18-CV-0011-HLM-WEJ, 2018 WL 9538770 (N.D. Ga. Feb. 14, 2018). The Eleventh Circuit has held that jail mail policies must be evaluated for compliance with the First Amendment under the standard articulated in *Turner v. Safley*, 482 U.S. 78 (1987). *See id.* (citing *Perry*, 664 F.3d at 1365) (other citations omitted).

> In *Turner*, the Supreme Court established the following four factors for evaluating the reasonableness of a prison regulation: (1) whether "there [is] a 'valid, rational connection' between the prison regulation and the legitimate governmental interest put forward to justify it"; (2) "whether there are alternative means of exercising the right that remain open to prison inmates"; (3) "the impact accommodation of the asserted constitutional right will have on guards and other inmates, and on the allocation of prison resources generally"; and (4) "the existence of obvious, easy alternatives[, which] may be evidence that the regulation is not reasonable, but is an 'exaggerated response' to prison concerns."

*Id.* (citing *Turner*, 482 U.S. at 89–90). "Due to the fact-intensive nature of the *Turner* test, [a] plaintiff's allegation that [a] [j]ail's postcard-only policy inhibits [her] ability to communicate with persons [in]side [a] [j]ail is sufficient to state a plausible First Amendment claim to withstand frivolity review." *Id.* As a general rule, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam) (citation omitted); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("[A] pro se complaint, 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers' and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" (citation omitted)). Liberally construing the Complaint, Plaintiff sufficiently has stated a plausible First Amendment claim.

### ii. Familial Association Claim (Count Fifteen)

Plaintiff alleges that all Defendants violated her familial rights by separating her family for over thirteen months. (Doc. 1 ¶¶ 6.15–6.15.5). While there is a right to familial association between a parent and their child, neither the Eleventh Circuit nor the Supreme Court has recognized such a right between two adults. *See Robertson v. Hecksel*, 420 F.3d 1254, 1256–60 (11th Cir. 2005); *see also Peck v. Montoya*, 51 F.4th 877, 893 (9th Cir. 2022) (collecting cases); *Est. of Nash v. Folsom*, 92 F.4th 746, 759 (8th Cir. 2024). Even assuming such a right exists, as with a violation of familial association between a parent and child, Plaintiff would need to show that Defendants' actions were "directed at altering the familial relationship," rather than merely "ha[ving] an incidental affect on the familial relationship." *Garrett v. Unified Gov't of Athens-Clarke Cnty.*, 246 F. Supp. 2d 1262, 1278 (M.D. Ga. 2003), *rev'd in part sub nom. Garrett v. Athens-Clarke Cnty., Ga.*, 378 F.3d 1274 (11th Cir. 2004) (collecting cases); *Walton v. Merrett*, No. 3:24-CV-581-MMH-PDB, 2024 WL 5378969, at *12 (M.D. Fla. Oct. 28, 2024), *report and recommendation adopted*, No. 3:24-CV-581-MMH-PDB, 2025 WL 43729 (M.D. Fla. Jan. 8, 2025) ("the plaintiff fails to allege facts making plausible that any defendant *deliberately* sought to harm *her* relationship with her son"). The Complaint does not include a single allegation suggesting that any Defendant "*deliberately* sought to harm [Plaintiff's] relationship" with Andrei or Aaron. *See Walton*, 2024 WL 5378969, at *12. Rather, Andrei and Aaron were detained "for the crime of avoiding arrest[,]" and, like the detention of any criminal, the effect on the familial relationship is incidental. (*See* Doc. 1 ¶ 5.12). For these reasons, Plaintiff has failed to state a claim for violation of her familial rights.

District courts are instructed to give a pro se plaintiff an opportunity to amend the complaint when it appears the complaint might state a claim if it is more carefully drafted. *See Jemison v. Mitchell*, 380 F. App'x 904, 907 (11th Cir. 2010) (citing *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (en banc)). "However, district courts may properly deny leave to amend when an amendment would be futile." *Martin v. Budd Props., Inc.*, No. 7:17-CV-27(WLS), 2017 WL 6994886, at *1 (M.D. Ga. Oct. 3, 2017)

6

(citing *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007)). "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." *Cockrell*, 510 F.3d at 1310 (quoting *Perlman v. Wells Fargo Bank, N.A.*, 559 F. App'x 988, 994 (11th Cir. 2014)). "In other words, leave to amend should be denied when the 'complaint as amended would necessarily fail.'" *Perlman*, 559 F. App'x. at 994 (quoting *Florida Evergreen Foliage v. E.I. DuPont De Nemours & Co.*, 470 F.3d 1036, 1040 (11th Cir. 2006)). Here, because Andrei and Aaron's detention was not "directed at altering the familial relationship," Plaintiff's familial association claim is futile; and the Court will not grant leave to amend. *Garrett*, 246 F. Supp. 2d at 1278.

## CONCLUSION

Accordingly, Plaintiff's Motion to Certify Class (Doc. 2) is **DENIED**; the Motion to Allow Electronic Signatures (Doc. 3) is **DENIED**; the Motion to Appoint Counsel (Doc. 4) is **DENIED**, and the Application to Proceed IFP (Doc. 5) is **GRANTED**. Plaintiff's First Amendment claim (Count Four) may proceed. Her Familial Association claim (Count Fifteen) is **DISMISSED**. Counts One through Three, and Counts Five through Fourteen are **DISMISSED without prejudice**.

**SO ORDERED**, this 31st day of March, 2026.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**